# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BRENDA PARTRIDGE,**

        **Petitioner,**

        Case No. 05-74616

**v.**

        **HONORABLE DENISE PAGE HOOD**

**SUSAN DAVIS,**

        **Respondent.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated December 15, 2006. Petitioner filed Objections to the Report and Recommendation on January 11, 2007.[1]

**II.    FACTS**

Petitioner Brenda Partridge is a state prisoner, currently confined at the Huron Valley Women's Complex in Ypsilanti, Michigan. On October 4, 1985, Petitioner was convicted of first degree criminal sexual conduct and assault with intent to do great bodily harm less than murder. On November 12, 1985, Petitioner was sentenced to concurrent terms of 25-50 years imprisonment on the criminal sexual conduct conviction and 6 ½ - 10 years on the assault conviction. Petitioner became eligible for parole on August 2, 2004 and on March 2, 2005, she was given a Notice of Intent to Conduct a Parole Interview. Following an interview, the Parole Board issued its decision

---

[1] The Court will consider Petitioner's objections, despite the fact that they were not timely filed, as Petitioner asserts that she failed to timely receive the Report and Recommendation where she is currently confined at the Huron Valley Women's Complex. (Pet'r's Objection at 7).

on April 20, 2005. The Parole Board departed from the parole guidelines, which suggested that Petitioner was eligible for release, finding that "[d]uring Parole Board interview the [prisoner] fails to comprehend her level of responsibility for her offense. The Parole Board is not assured that [prisoner's] risk of reoffending is diminished. Unwilling to parole at this time." (R&R at 2; Pet'r's Br., Ex. E). The Board continued Petitioner's incarceration for 18 months.

Petitioner filed the instant Petition for Writ of Habeas Corpus challenging the Board's denial of parole, arguing:

I. Statute is contract when legislative intent is clearly expressed to grant private rights to a party based upon that party's performance.
II. The private right conferred by the compulsory language of the statute/contract is a private right to due process based upon a liberty interest contingent upon a party's performance and is entitled to enforcement.
III. The Michigan Parole Board violated constitutionally ex post facto prohibitions when it relied solely upon historical factors to deny parole.

## III. STANDARD OF REVIEW

### A. Report and Recommendation

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to have preserved the right to appeal the Magistrate Judge's recommendation, the parties were obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 721(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

B.  **Habeas Corpus Petition**

Petitioner's application was filed after April 24, 1996 and thus her Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified as 28 U.S.C. § 2254(d)). Respondent argues that the deferential standard of review pursuant to 28 U.S.C. § 2254(d) also applies to Petitioner's claims. The AEDPA standard of review applies to "any claim that was adjudicated on the merits in State court proceedings." Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified as 28 U.S.C. § 2254(d)). The Magistrate Judge properly found that since Petitioner's claims were not adjudicated on the merits in state court,[2] § 2254(d) is inapplicable, and the Court will review Petitioners claims *de novo*. *See Linscott v. Rose*, 436 F.3d 587, 592 (6th Cir. 2002).

IV.  **APPLICABLE LAW AND ANALYSIS**

A.  **Claims I and II: Contractual Right to Parole**

In Petitioner's first two claims, she asserts that Michigan statutes and administrative rules create a contractual right to parole, which she was denied. The Magistrate Judge properly found that Petitioner has no enforceable liberty interest in parole pursuant to the Due Process Clause. (R&R at 4). The Magistrate Judge likewise properly concluded that Petitioner has no protected property interest or entitlement to parole under Michigan law. MICH. COMP. LAWS § 791.234(11) ("a prisoner's release on parole is discretionary with the parole board."). (R&R 4-7). Petitioner points

---

[2] The Magistrate Judge found that the provisions of the AEDPA are inapplicable to Petitioner's claims because they were "not adjudicated on the merits in state court, since state law provides no state court avenue of review for petitioner's claims." (R&R at 3).

3

to MICH. COMP. LAWS § 791.233 and § 791.33e and the parole guidelines issued pursuant thereto, and asserts that these statutes and regulations create contractually enforceable rights. The Magistrate Judge properly concluded that these Michigan statues and regulations fail to create contractually enforceable rights to parole. *See In Re Parole of Johnson*, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam); *Glover v. Michigan Parole Board*, 460 Mich. 511, 596 N.W.2d 598, 603-04 (Mich. 1999). Petitioner is not entitled to habeas relief on Claims I and II. (R&R at 7-9).

### B. Claim III: Ex Post Facto

Petitioner asserts that the Michigan Parole Board violated the Ex Post Facto Clause by relying solely on historical factors in denying parole and by retroactively applying amendments to Michigan's parole statutes to Petitioner. Petitioner argues that "the Parole Board based its decision on historical factors such as the nature of the offense, victim injury, substance abuse . . . rather than basing their decision on current information." (Pet'r's Objection at 4). In *Killebrew v. Dep't. of Corrections*, the Michigan Court of Appeals opined that a parole board's decision may be "informed by the circumstances of the prisoner's crime, his past performance on parole, and his mental health history. . .". 604 N.W.2d 700, 656 (Mich. App. Ct. 1999). The scope of information that a parole board may review is contained in the parole guidelines, which states that a parole board is to consider "*all* of the facts and circumstances, including the prisoner's mental and social attitude" and must be reasonably assured that "that the prisoner will not become a menace to society or to the public safety." M.C.L. 791.233(a) (emphasis added). Accordingly, the Magistrate Judge correctly concluded that the Parole Board's consideration of historical factors does not establish a violation of Petitioner's constitutional rights.

4

Petitioner also has presented no evidence demonstrating that the Parole Board considered historical factors to the exclusion of other pertinent information, including Petitioner's rehabilitative efforts while incarcerated. Petitioner relies on *Mickens-Thomas v. Vaughn*, 321 F.3d 374 (3d Cir. 2003) and *Mickens-Thomas v. Vaughn*, 355 F.3d 294 (3d Cir. 2004). *See also Mickens-Thomas v. Vaughn*, 217 F.Supp. 2d 570 (2002). In the *Mickens-Thomas* cases, the parole board, in denying Thomas' parole applications following a grant of commutation, committed systematic *ex post facto* violations in applying newly amended Pennsylvania parole laws and guidelines to Thomas' parole applications and in relying on factors of the "instant offense" *to the exclusion of* consideration of Thomas' rehabilitation. 355 F.3d at 302. In the instant case, it is evident that the Parole Board did not rely exclusively on historical factors in denying parole to Petitioner. For example, the Parole Board stated, "the [prisoner's] fail[ure] to comprehend her level of responsibility for her offense" indicates consideration of a current factor. (Pet'r's Br. at 21; Pet'r's Pet. App. E).

The Petitioner also argues that the Board's reliance on historical factors "indicates a change in the parole release policy by retroactively applying amendments to Michigan's parole statutes to Petitioner" in violation of the *Ex Post Facto* Clause. (Pet'r's Br. at 18). Although Petitioner failed to elaborate on this point, the Magistrate Judge correctly noted that Petitioner's focus seems to be on the retroactive application of the parole guidelines or policies, not the parole statutes. (R&R at 10). Retroactive application of parole board guidelines or policies does not implicate the *Ex Post Facto* Clause because they are mere aids in the exercise of discretion. *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001). "Michigan's parole statute does not create a protected liberty interest in parole because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result." *Johnson v.*

*Renico*, 314 F. Supp. 2d 700 (E.D. Mich. 2004)(Gadola, J.). Further, "a law that is merely procedural and does not increase a prisoner's punishment cannot violate the *Ex Post Facto* Clause even when applied retrospectively." *Barna,* 239 F.3d 169 at 171 (citing *California Dep't of Corrections v. Morales*, 514 U.S. 499, 507-09 (1995)). The Magistrate Judge correctly found that Petitioner's contention that the Parole Board retroactively applied amendments to Michigan parole statutes is without merit. (R&R at 9-11).

Petitioner also argues that the Parole Board's reliance on historical factors violates M.C.L. § 791.233e because the Parole Board failed to support its denial of parole with "substantial and compelling" reasons. (Pet'r's Br. at 21). Since the Petitioner had a "high probability" of parole, the Parole Board was required, pursuant to M.C.L. § 791.233e, to provide "substantial and compelling reasons stated in writing" for the denial of parole. However, M.C.L. 791.233e does not delineate the degree of specificity a parole board must take in explaining its reasoning for the denial of parole.

In *Fenner v. Parole Bd.*, the plaintiff, who had a "high probability" of receiving parole, argued that he was entitled to a writ of mandamus because the parole board did not provide substantial and compelling reasons for denying him parole. *Fenner v. Parole Bd.,* No. 257869, 2006 WL 707727, at *1 (Mich Ct. App. March 21, 2006). The Michigan Court of Appeals rejected Fenner's argument. *Id*. In denying the plaintiff's parole, the board stated, "[d]eparture due to prisoner was terminated from Sex Offender treatment program while on Parole for being disruptive & argumentative. This behavior indicates prisoner is not amendable to parole supervision. Deviation is warranted." *Id*. The court found that the board's statement was sufficiently substantial and compelling and within the board's discretion. *Id*. In the instant case, Petitioner received a concise explanation from the Parole Board:

6

> During parole board interview the [prisoner] fails to comprehend her level of
> responsibility for her offense. The parole board is not assured that [prisoner's] risk
> of reoffending has been diminished. Unwilling to parole at this time.

(Pet'r's Br. at 21; Pet'r's Pet. App. E). Although not as specific an explanation as provided in *Fenner*, in the instant case, the parole board nonetheless "complied with its ministerial obligations by issuing a decision and identifying in writing the reasons for its decision to deviate from the guidelines recommendation." *Fenner,* 2006 WL 707727, at *1. Further, the second sentence in the decision implies a concern for public safety, which is both substantial and compelling. For these reasons, the Parole Board properly conformed to M.C.L. § 791.233e and the Petitioner's claim lacks merit.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives **[Docket No. 15, filed December 15, 2006]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus **[Docket No. 1, filed December 6, 2005]** is DENIED.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: September 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Brenda Partridge, Reg. No. 181547, Huron Valley Women's Complex, 3511 Bemis Rd., Ypsilanti, MI 48197 on September 30, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager